## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| MIGUEL CARRILLO, JOE CABRERA, AND KEVIN MIRELEZ, *PLAINTIFFS* | § § § § § § § | CIVIL ACTION NO: _____  **JURY TRIAL DEMANDED** |
| VS. | § § | |
| NUEROREHAB SERVICES LLC; SANAR MANAGEMENT LLC; SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES; WILLIAM ADRIAN YOUNG; LOIS A. PALIUCA; CARRIE CONNELLY; DEBRA KULCHYCKI; RICHARD FONTAINE; SYED A. ASAD; NOMEN AZEEM; JEFFREY M. HIRSCH; JONATHAN WOODCOCK; ALFRED MANSOUR; KENT SABATOSE; TRE'VON YOUMAN; CRAIG LICHTBLAU; TIFFANY RUSZENAS; AND DAVID BRANDES *DEFENDANTS* | § § § § § § § § § § § § § § | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES MIGUEL CARRILLO, JOE CABRERA, AND KEVIN MIRELEZ, hereinafter referred to by name or as Plaintiffs, and complain of NUEROREHAB SERVICES LLC; SANAR MANAGEMENT LLC; SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES; WILLIAM ADRIAN YOUNG; LOIS A. PALIUCA;

1

CARRIE CONNELLY, DEBRA KULCHYCKI, RICHARD FONTAINE, SYED A. ASAD, NOMEN AZEEM, JEFFREY M. HIRSCH, JONATHAN WOODCOCK, ALFRED MANSOUR, KENT SABATOSE, TRE'VON YOUMAN, CRAIG LECHTBLAU, TIFFANY RUSZENAS AND DAVID BRANDES hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court the following:

## I.    PARTIES

**2.1**    Plaintiff **JOE ERIK CABRERA** is an individual residing in FREER, TEXAS.

**2.2**    Plaintiff **MIGUEL CARRILLO** is an individual residing in FREER, TEXAS.

**2.3**    Plaintiff **KEVIN MIRELEZ** is an individual residing in FREER, TEXAS.

**2.4**    Defendant **NUEROREHAB SERVICES LLC** (hereinafter referred to as Defendant **NSLLC**) is a Florida entity doing business in the State of Texas and may be served at: **8466 NORTH LOCKWOOD RIDGE, SUITE 340, SARASOTA, FLORIDA 34243 OR WHEREVER FOUND.**

**2.5**    Defendant **SANAR MANAGEMENT, LLC** (hereinafter referred to as Defendant **SMLLC**) is a Florida entity doing business in the State of Texas and may be served at: **8466 NORTH LOCKWOOD RIDGE, SUITE 340, SARASOTA, FLORIDA 34243 OR WHEREVER FOUND.**

**2.6**    Defendant **SANAR MANAGEMENT, LLC** D/B/A as **NUERO REHAB SERVICES** (hereinafter referred to as Defendant **NRS** is a Florida entity doing

business in the State of Texas and may be served at: **8466 NORTH LOCKWOOD RIDGE, SUITE 340, SARASOTA, FLORIDA 34243 OR WHEREVER FOUND.**

2.7     Defendant **WILLIAM ADRIAN YOUNG** (hereinafter referred to as Defendant **YOUNG**) is an individual and resident of the State of Kentucky, and may be served at: **113 FAULKNER BR, CLAY CITY, KENTUCKY 40312 OR WHEREVER FOUND.**

2.8     Defendant **LOIS A. PALIUCA** (hereinafter referred to as Defendant **PALIUCA**) is an individual and resident of the State of Florida and may be served at: **9849 S.W. 191ST AVE., DUNNELLON, FLORIDA 34432 OR WHEREVER FOUND.**

2.9     Defendant **CARRIE CONNELLY** (hereinafter referred to as Defendant **CONNELLY**) is an individual and resident of Rutherford, Tennessee, and may be served at: **527 NORTH MAPLE STREET, MURFREESBORO, TENNESSEE 37130 OR WHEREVER FOUND.**

2.10    Defendant **DEBRA KULCHYCKI** (hereinafter referred to as Defendant **KULCHYCKI**) is an individual and resident of Osceola, Florida, and may be served at: **3302 GREENWALD WAY N, KISSIMMEE, FLORIDA 34741 OR WHEREVER FOUND.**

2.11    Defendant **RICHARD FORTAINE** (hereinafter referred to as Defendant **FORTAINE**) is an individual and resident of Marian County, Florida, and may

be served at: **510 SW 5TH TERRACE, SUITE 5, WILLISTON, FLORIDA 32696 OR WHEREVER FOUND.**

2.12    Defendant **SYED A. ASAD** (hereinafter referred to as Defendant **ASAD**) is an individual and resident of Duval County, Florida, and may be served at: **8823 SAN JOSE BOULEVARD, SUITE 209, JACKSONVILLE, FLORIDA 32257 OR WHEREVER FOUND.**

2.13    Defendant **NOMEN AZEEM** (hereinafter referred to as Defendant **AZEEM**) is an individual and resident of Hillsborough County, Florida, and may be served at: **9360 BALM RIVERVIEW ROAD, RIVERVIEW, FLORIDA 33569 OR WHEREVER FOUND.**

2.14    Defendant **JEFFREY M. HIRSCH** (hereinafter referred to as Defendant **HIRSCH**) is an individual and resident of Palm Beach County, Florida, and may be served at: **5561 HIGHFLYER ROAD NORTH, PALM BEACH GARDENS, FLORIDA 32217 OR WHEREVER FOUND.**

2.15    Defendant **JONATHAN WOODCOCK** (hereinafter referred to as Defendant **WOODCOCK**) is an individual and resident of Palm Beach County, Florida, and may be served at: **2620 SW 22ND AVENUE, 1017, DELRAY BEACH, FLORIDA 33445 OR WHEREVER FOUND.**

2.16    Defendant **ALFRED MANSOUR** (hereinafter referred to as Defendant **MANSOUR**) is an individual and resident of Washtenaw County, Michigan, and

may be served at: **4870 W. Clark Road, Suite 106, YPSILANTI, MI 48197 OR WHEREVER FOUND.**

2.17   Defendant **KENT SABATOSE** (hereinafter referred to as Defendant **SABATOSE**) is an individual and resident of Marion County, Florida and may be served at: **1541 SE 17TH STREET, OCALA, FLORIDA 34471 OR WHEREVER FOUND.**

2.18   Defendant **TRE'VON YOUMAN** (hereinafter referred to as Defendant **YOUMAN**) is an individual and resident of Hillsborough, Florida, and may be served at: **12110 N. 56TH STREET, TEMPLE TERRACE, FLORIDA 33617 OR WHEREVER FOUND.**

2.19   Defendant **CRAIG LICHTBLAU** (hereinafter referred to as Defendant **LICHTBLAU**) is an individual and resident of Palm Beach County, Florida, and may be served at: **550 NORTHLAKE BOULEVARD, NORTH PALM BEACH, FLORIDA 33408 OR WHEREVER FOUND.**

2.20   Defendant **TIFFANY RUSZENAS** (hereinafter referred to as Defendant **RUSZENAS**) is an individual and resident of Palm Beach County, Florida, and may be served at: **13574 53RD CT N, WEST PALM BEACH, FLORIDA 33411 OR WHEREVER FOUND.**

2.21   Defendant **DAVID BRANDES** (hereinafter referred to as Defendant **BRANDES**) is an individual and resident of Know County, Tennessee, and may

be served at: **2060 LAKESIDE CENTER WAY, KNOXVILLE, TENNESSEE 37922 OR WHEREVER FOUND.**

## II.   SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION AND VENUE

**3.1**   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.   Specifically, there is diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

**3.2**   Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) and 1391(d) because a substantial part of the events giving rise to this claim occurred in this district.

## III.   PLAINTIFFS' NARRATIVE

**4.1**   On or about May 15, 2020, Plaintiffs, through their attorney, DeSouza Law, PC dba DeSouza Injury Lawyers, filed a personal injury lawsuit in the district court of Dallas County, Texas for serious injuries they received in an accident. These injuries required significant treatment and rehabilitation for the Plaintiffs.

**4.2**   On or about March 3, 2020, Plaintiff's attorney retained the services of Defendant Neurorehab Services LLC for the benefit of third-party beneficiaries, the Plaintiffs in this case.  The services contracted for were for

6

the medical and rehabilitation treatment of the Plaintiffs, including providing expert testimony.  The written agreement called for Defendant Neuro Rehab Services (Neurorehab Services LLC) to evaluate and treat each Plaintiff in their inpatient facility in West Palm Beach for a period of ninety days and to provide outpatient follow up care for ninety days after their discharge. The flat fee agreed to by Defendant Neurorehab Services LLC was that each client pay, through their attorneys, to Defendant Neurorehab Services LLC, a flat fee of three hundred thousand dollars ($300,000.00) for all inpatient and outpatient evaluations and treatment. Defendant Neurorehab Services LLC further agreed that the paid fee of $300,000.00 would include all fees for the depositions and court appearances as necessary for the duration of the legal third-party injury case and that Defendant Neurorehab Services LLC would ensure swift compliance for requests for depositions and court requests. In addition, Defendant Neurorehab services LLC agreed that in the event any expert fails to sign an agreement permitting their deposition or live trial testimony within the first 30 days of evaluation and treatment, then all funds are to be immediately refunded to the DeSouza Law Firm.

**4.2**    The aforementioned agreement was negotiated by Defendants **WILLIAM ADRIAN YOUNG AND LOIS A. PALIUCA** and executed by Defendant **WILLIAM ADRIAN YOUNG** on behalf of Neurorehab Services LLC (also identified as Neuro Rehab Services) and Defendant **SANAR MANAGEMENT LLC; AND**

**SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES (hereinafter sometimes referred to as "Sanar" );**

**4.3**    On information and belief, Neurorehab Services, LLC never existed as an entity authorized to do business in the State of Florida at the time the agreement was signed by Defendant Willaim Adrian Young. On information and belief, Neurorehab Services, LLC is a Delaware Corporation. In the agreement Neurorehab Services LLC represented that they were a division of Sanar Management, LLC a Defendant in this lawsuit.

**4.4**    On information and belief, Sanar Management LLC is Delaware corporation, doing business in the state of Florida.

**4.5**    In compliance with a condition of the contract, a total of Nine hundred Thousand Dollars ($900,000.00) was wired to Defendant Sanar Management, LLC by Plaintiff's' attorneys, DeSouza Injury Lawyers, for the benefit of Plaintiffs.

**4.6**    At the direction of Defendant, Sanar Management, LLC, the first wire(s) in in the amount of Three Hundred Thousand Dollars ($300,00.00) were sent by Plaintiff's' attorneys to Sanaron or about March 4, 2020. At all times Plaintiffs were the intended third-party beneficiaries of the contract between DeSouza Law P.C., including the promises, and obligations of Neurorehab Services LLC (also identified as Neuro Rehab Services) and Defendant **SANAR**

**Management LLC; and Sanar Management, LLC, D/B/A Nuero Rehab Services**, the promisors.  See below.

| 03/04/20 | WIRE TYPE:WIRE OUT DATE:200304 TIME:1631 ET TRN:2020030400564227 SERVICE REF:015239 BNF:SANAR MANAGEMENT, LLC ID:1000193125357 BNF BK: SUNTRUST BANK ID:061000104 PMT DET:TS2020030404191 0MEMO F/B/O CARRILLO, CABRERA, MIRELEZ | -300,000.00 |

**4.7**    At the direction of Defendant, Sanar Management, LLC, the second wire(s) in the amount of Three Hundred Thousand Dollars ($300,00.00) were sent by Plaintiff's' attorneys to Sanar on or about April 2, 2020. At all times Plaintiffs were the intended third-party beneficiaries of this contract between DeSouza Law P.C., including the promises, and obligations of Neurorehab Services LLC (also identified as Neuro Rehab Services) and Defendant **Sanar Management LLC; and Sanar Management, LLC, D/B/A Nuero Rehab Services**, the promisors.  See below.

| 04/02/20 | WIRE TYPE:WIRE OUT DATE:200402 TIME:1623 ET TRN:2020040200555243 SERVICE REF:013738 BNF:SANAR MANAGEMENT, LLC ID:1000193125357 BNF BK: SUNTRUST BANK ID:061000104 PMT DET:TS2020040203565 5F/B/O CARRILLO, CABRERA, MIRELEZ | -300,000.00 |

**4.8**    At the direction of Defendant, Sanar Management, LLC, the third wire(s) in in the amount of Three Hundred Thousand Dollars ($300,00.00) was sent by Plaintiff's' attorneys on or about May 7, 2020. At all times Plaintiffs were the intended third-party beneficiaries of this contract between DeSouza Law P.C., including the promises, and obligations of Neurorehab Services LLC (also identified as Neuro Rehab Services) and Defendant **Sanar Management LLC; and Sanar Management, LLC, D/B/A Nuero Rehab**

**SERVICES**, the promisors.  See below.

| | | |
|---|---|---|
| 05/07/20 | WIRE TYPE:WIRE OUT DATE:200507 TIME:1640 ET TRN:2020050700553175 SERVICE REF:013425 BNF:SANAR MANAGEMENT, LLC ID:1000193125357 BNF BK: SUNTRUST BANK ID:061000104 PMT DET:TS2020050704321 0MEMO: F/B/O CARRILLO, CABRERA, MIRELEZ | -300,000.00 |

**4.9**   On or about April 14, 2020, Defendant Carrie Connely, in a written agreement with DeSouza Law P.C., attorneys for Plaintiffs, agreed to "included in the payment for the evaluation and recommendations of Joe Eric Career; Miguel Carillo, Jr.; and Kevin Mirelez that your fees for deposition testimony, to occur at the location of your choosing and for live trial testimony fees, to occur in Texas, including all expenses will be covered under your agreement with NeouroRehab Services." Defendant Carrie Connely breached this agreement demanding and requiring the Plaintiffs, through their attorney DeSouza Law Firm, pay them as Neurorehab Services LLC had breached its agreement with them to pay them. At all times Plaintiffs were the intended third-party beneficiaries of this contract between DeSouza Law P.C., the promisee, and Defendant Carrie Connely, the promisor.

**4.10**   On or about May 1, 2020, Defendant Nomen Azeem, in a written agreement with DeSouza Law P.C., attorneys for Plaintiffs, agreed that "included in the payment for the evaluation and recommendations of Joe Eric Career; Miguel Carillo, Jr.; and Kevin Mirelez that your fees for deposition testimony, to occur at the location of your choosing and for live trial testimony fees, to occur in Texas, including all expenses will be covered under your

agreement with NeouroRehab Services." Defendant Nomen Azeem breached this agreement demanding and requiring the Plaintiffs, through their attorney DeSouza Law Firm, pay them as Neurorehab Services LLC had breached its agreement with them to pay Nomen Azeem. At all times, Plaintiffs were the intended third-party beneficiaries of the contract between DeSouza Law P.C., the promisee, and Defendant Nomen Azeem, the promisor.

4.11. On or about March 18, 2020, Defendant Jeffrey M. Hirsch, in a written agreement with DeSouza Law P.C., attorneys for Plaintiffs, agreed that "included in the payment for the evaluation and recommendations of Joe Eric Career; Miguel Carillo, Jr.; and Kevin Mirelez that your fees for deposition testimony, to occur at the location of your choosing and for live trial testimony fees, to occur in Texas, including all expenses will be covered under your agreement with NeouroRehab Services." Defendant Jeffrey M. Hirsch breached this agreement demanding and requiring the Plaintiffs, through their attorney DeSouza Law Firm, pay Jeffrey M. Hirsch as Neurorehab Services LLC had breached its agreement with them to pay Jeffrey M. Hirsch. At all times Plaintiffs were the intended third-party beneficiaries of this contract between DeSouza Law P.C., the promisee, and Defendant Jeffrey M. Hirsch, the promisor.

**4.12**  On or about March 3, 2020, Defendant Jonathan H. Woodcock, in a written agreement with DeSouza Law P.C., attorneys for Plaintiffs, agreed that "included in the payment for the evaluation and recommendations of Joe Eric Career; Miguel Carillo, Jr.; and Kevin Mirelez that your fees for deposition testimony, to occur at the location of your choosing and for live trial testimony fees, to occur in Texas, including all expenses will be covered under your agreement with NeouroRehab Services." Defendant Jonathan Woodcock breached this agreement demanding and requiring the Plaintiffs, through their attorney DeSouza Law Firm, pay Jonathan H. Woodcock as Neurorehab Services LLC had breached its agreement with them to pay Jonathan H. Woodcock. At all times Plaintiffs were the intended third-party beneficiaries of this contract between DeSouza Law P.C., the promisee, and Defendant Jonathan H. Woodcock, the promisor.

**4.13**  On or about May 1, 2020, Defendant Alfred Mansour, in a written agreement with DeSouza Law P.C., attorneys for Plaintiffs, agreed that "included in the payment for the evaluation and recommendations of Joe Eric Career; Miguel Carillo, Jr.; and Kevin Mirelez that your fees for deposition testimony, to occur at the location of your choosing and for live trial testimony fees, to occur in Texas, including all expenses will be covered under your agreement with NeouroRehab Services." Defendant Alfred Mansour breached this agreement demanding and requiring the Plaintiffs, through their attorney

DeSouza Law Firm, pay Jonathan H. Woodcock as Neurorehab Services LLC had breached its agreement with them to pay Jonathan H. Woodcock. At all times Plaintiffs were the intended third-party beneficiaries of this contract between DeSouza Law P.C., the promisee, and Defendant Alfred Mansour, the promisor.

**4.14**  On or about April 14, 2020, Defendant Kent Sabatose, in a written agreement with DeSouza Law P.C., attorneys for Plaintiffs, agreed that "included in the payment for the evaluation and recommendations of Joe Eric Career; Miguel Carillo, Jr.; and Kevin Mirelez that your fees for deposition testimony, to occur at the location of your choosing and for live trial testimony fees, to occur in Texas, including all expenses will be covered under your agreement with NeouroRehab Services." Defendant Kent Sabatose breached this agreement demanding and requiring the Plaintiffs, through their attorney DeSouza Law Firm, pay Kent Sabatose as Neurorehab Services LLC had breached its agreement with them to pay Kent Sabatose. At all times Plaintiffs were the intended third-party beneficiaries of this contract between DeSouza Law P.C., the promisee, and Defendant Kent Sabatose, the promisor.

**4.15**  On or about March 18, 2020, Defendant Craig H. Lichtblau, in a written agreement with DeSouza Law P.C., attorneys for Plaintiffs, agreed that "included in the payment for the evaluation and recommendations of Joe Eric Career; Miguel Carillo, Jr.; and Kevin Mirelez that your fees for deposition

testimony, to occur at the location of your choosing and for live rial testimony fees, to occur in Texas, including all expenses will be covered under your agreement with NeouroRehab Services." Defendant Craig Lichtblau breached this agreement demanding and requiring the Plaintiffs, through their attorney DeSouza Law Firm, pay Craig Lichtblau as Neurorehab Services LLC had breached its agreement with them to pay Craig Lichtblau. At all times Plaintiffs were the intended third-party beneficiaries of this contract between DeSouza Law P.C., the promisee, and Defendant Craig H. Lichtblau, the promisor.

**4.14.** On information and belief Defendants Debra Kulchycki, Syed A. Asad, Tre'Von Youman, Tiffany Ruszenas, and David Brandeis had written agreements with Defendant Neurorehab Services LLC and that they agreed they would provide the services to Plaintiffs for which they were retained and that they would further look to NeuroRehab Services for their payment. Defendants Debra Kulchycki, Syed A. Asad, Tre'Von Youman, Tiffany Ruszenas, and David Brandeis this agreement demanding and requiring the Plaintiffs, through their attorney DeSouza Law Firm, pay Debra Kulchycki, Syed A. Asad, Tre'Von Youman, Tiffany Ruszenas, and David Brandeis as Neurorehab Services LLC had breached its agreement with them to pay Debra Kulchycki, Syed A. Asad, Tre'Von Youman, Tiffany Ruszenas, and David Brandeis. At all times Plaintiffs were the intended third-party beneficiaries of

these contracts between DeSouza Law P.C., the promisee, and Defendants named herein, the promisors.

### IV.   CAUSES OF ACTION AGAINST DEFENDANTS, BREACH OF CONTRACT, VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT, OR IN THE ALTERNATIVE THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT; FRAUD; FRAUDULENT INDUCEMENT; AND CIVIL CONSPIRACY

### A. BREACH OF CONTRACT

**5.1** Defendants **NUEROREHAB SERVICES LLC; SANAR MANAGEMENT LLC; SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES; WILLIAM ADRIAN YOUNG; AND LOIS A. PALIUCA** as the promisor, breached their agreement with Plaintiffs, when they failed to pay their retained experts, named as additional Defendants in this lawsuit. As a consequence of said breaches. the Plaintiffs, suffered damages when they were required by Defendants **CARRIE CONNELLY; DEBRA KULCHYCKI; RICHARD FONTAINE; SYED A. ASAD; NOMEN AZEEM; JEFFREY M. HIRSCH; JONATHAN WOODCOCK; ALFRED MANSOUR; KENT SABATOSE; TRE'VON YOUMAN; CRAIG LICHTBLAU; TIFFANY RUSZENAS; AND DAVID BRANDES'** breach to pay twice for the Defendants named herein testimony and depositions.

**5.2** Defendants **CARRIE CONNELLY; NOMEN AZEEM; JEFFREY M. HIRSCH; JONATHAN WOODCOCK; ALFRED MANSOUR; KENT SABATOSE; AND CRAIG LICHTBLAU** breached their agreement to provide Plaintiffs' services and to bill Defendants NUEROREHAB **SERVICES LLC; SANAR MANAGEMENT LLC;**

SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES; WILLIAM ADRIAN YOUNG; AND LOIS A. PALIUCA for those expenses especially related to the experts opinion and testimony. This breach caused Plaintiffs damages, when Plaintiffs were required to pay twice of the testimony and deposition services of Defendants CARRIE CONNELLY; DEBRA KULCHYCKI; RICHARD FONTAINE; SYED A. ASAD; NOMEN AZEEM; JEFFREY M. HIRSCH; JONATHAN WOODCOCK; ALFRED MANSOUR; KENT SABATOSE; TRE'VON YOUMAN; CRAIG LICHTBLAU; TIFFANY RUSZENAS; AND DAVID BRANDES.

5.3     On information and belief, DEBRA KULCHYCKI; RICHARD FONTAINE; SYED A. ASAD; JEFFREY M. HIRSCH; JONATHAN WOODCOCK; TRE'VON YOUMAN; TIFFANY RUSZENAS; AND DAVID BRANDEIS breached their agreement with Plaintiffs to bill Defendants NUEROREHAB SERVICES LLC; SANAR MANAGEMENT LLC; SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES; WILLIAM ADRIAN YOUNG for their expert and opinions and testimony concerning their injuries. This breach caused the Plaintiffs damages, when Plaintiffs were required to pay twice for the testimony and deposition services of Defendants CARRIE CONNELLY; DEBRA KULCHYCKI; RICHARD FONTAINE; SYED A. ASAD; NOMEN AZEEM; JEFFREY M. HIRSCH; JONATHAN WOODCOCK; ALFRED MANSOUR; KENT SABATOSE; TRE'VON YOUMAN; CRAIG LICHTBLAU; TIFFANY RUSZENAS; AND DAVID BRANDES.

5.4     Defendants further breached their agreements by failing to provide

16

Ninety days of inpatient care as required by contract.

**5.5** In all cases, such failures to perform was the direct and proximate cause of to the harm and damage to the Plaintiffs as set forth above and below.

**5.6** As a direct and proximate result of Defendants' breach of contract, the Plaintiffs have required the assistance of counsel to enforce the provisions of the "Contract".

**5.7** As a result of the Defendants' conduct as described above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court.

**B. Violations of the Texas Deceptive Trade Practices Act**

**5.8** Plaintiffs, **Miguel Carrillo, Joe Cabrera, Kevin Mirelez** re-allege and incorporate each allegation contained in the previous Paragraphs of this Petition as if fully set for herein. Defendants are liable because their actions constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"). Specifically, Defendant violated the DTPA in one or more of the following aspects:

   a. Representing that the goods or services have characteristics or benefits that they do not have in violation of Tex. Bus. & Comm. Code § 17.56(b)(5);

   b. Representing that the goods or services are of a particular standard, quality or grade, or that the goods are of a particular style or model, that they are not in violation of Tex. Bus. & Comm. Code § 17.46(b)(7);

c. Representing that an agreement confers rights or involves rights, remedies or obligations that does not, or that are prohibited by law in violation of TEX. BUS. & COMM. CODE § 17.46(b)(12);

d. Failing to disclose information about the goods or services that was known at the time of the transaction when the failure to disclose was intended to induce Plaintiff to enter into a transaction that Plaintiff would not have entered into if the information had been disclosed in violation of TEX. BUS. & COMM. CODE § 17.46(b)(23);

e. Acting in an unconscionable manner in that Defendant's denial of Plaintiff's claim took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree in violation of TEX. BUS. & COMM. CODE § 17.50(a)(3).

**5.9**    Plaintiffs, **MIGUEL CARRILLO, JOE CABRERA, KEVIN MIRELEZ** would **show** that they were the intended beneficiaries of the goods and services of Defendants at all times.

**5.10**    Defendants breaches and violations of the Texas DTPA proximately caused Plaintiffs **MIGUEL CARRILLO'S, JOE CABRERA'S, KEVIN MIRELEZ'** damages.

### C.    THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

**5.11**    In the alternative, Plaintiffs **MIGUEL CARRILLO, JOE CABRERA, KEVIN MIRELEZ** re-allege and incorporate each allegation contained in the previous Paragraphs of this Petition as if fully set for herein.

**5.12**    Defendants are liable because their actions constitute violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Specifically, Defendant violated the FDUTPA in one or more of the following aspects:

**5.13** Defendants unlawfully used unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of their trade or commerce. Defendants entered into commercial agreements for the intended benefit of the third-party beneficiaries, the Plaintiffs, to provide services they did not intend to provide in the manner in which they agreed, forcing Plaintiffs to pay twice for the same services. Defendants took advantage of the intended third-party beneficiaries by demanding they pay twice for services already paid for the benefit of Plaintiffs, knowing the Plaintiffs would not refuse further payment in order to maintain the integrity of their lawsuit for personal injuries suffered. This was an unconscionable act as made unlawful by section 501.204 of the FDUTPA.

**5.14** As a result of Defendants unconscionable acts the intended third-party beneficiaries suffered both economic and noneconomic damages.

### D.    FRAUD, CONCEALMENT AND CONSTRUCTIVE FRAUD

**5.15** Plaintiffs re-allege and incorporate each allegation contained in the previous Paragraphs of this Petition as if fully set for herein.

**5.16** Defendants committed fraud by concealment and constructive fraud on Plaintiffs. The Plaintiff is liable for the fraudulent misrepresentations of facts and for the omissions and failures to state as such misrepresentations and omissions are imposed by statute, law and public policy because of the circumstances of the immediate parties to the transactions and the tendency

to deceive other, to violate confidences, or to injure the public interest.

5.17 The actions of these Defendants constitute breaches of legal and equitable duties which the law deems to be fraudulent and/or illegal. Defendants have been damaged as a result of the misrepresentation and fraudulent statements and actions of the Plaintiff.

5.18 Defendants CARRIE CONNELLY; DEBRA KULCHYCKI; RICHARD FONTAINE; SYED A. ASAD; NOMEN AZEEM; JEFFREY M. HIRSCH; JONATHAN WOODCOCK; ALFRED MANSOUR; KENT SABATOSE; TRE'VON YOUMAN; CRAIG LICHTBLAU; TIFFANY RUSZENAS; AND DAVID BRANDES committed fraud against the Plaintiff in that they made false misrepresentations regarding their willingness to rely exclusively on Defendants NUERORHAB SERVICES LLC; SANAR MANAGEMENT LLC; SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES; WILLIAM ADRIAN YOUNG; AND LOIS A. PALIUCA for compensation in reference to their opinion and testimony services in Plaintiffs' lawsuit.

5.19 Defendants NUERORHAB SERVICES LLC; SANAR MANAGEMENT LLC; SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES; WILLIAM ADRIAN YOUNG; AND LOIS A. PALIUCA committed fraud against Plaintiffs in that they made false representations regarding their willingness to pay Defendants CARRIE CONNELLY; DEBRA KULCHYCKI; RICHARD FONTAINE; SYED A. ASAD; NOMEN AZEEM; JEFFREY M. HIRSCH; JONATHAN WOODCOCK;

**ALFRED MANSOUR; KENT SABATOSE; TRE'VON YOUMAN; CRAIG LICHTBLAU; TIFFANY RUSZENAS; AND DAVID BRANDEIS** for their services tendered for the benefit of Plaintiffs, their opinion and testimony services in Plaintiffs' lawsuit.

### E.    CIVIL CONSPIRACY

**5.20**    Plaintiffs re-alleges and incorporates each allegation contained in Paragraphs 2.2 thru 5.6 of the Petition as if fully set forth herein.

**5.21**    Upon information and belief Defendants upon mutual agreement with each other, entered into a course of action with an objective to harm Plaintiffs.

**5.22**    This course of action was unlawful and included covert acts taken in pursuance of their objective and Plaintiffs incurred serious injury and damage as a result.

### F. UNJUST ENRICHMENT

**5.23**    The Plaintiffs conferred a benefit on the Defendants when Plaintiffs were forced to pay Defendants **CARRIE CONNELLY; DEBRA KULCHYCKI; RICHARD FONTAINE; SYED A. ASAD; NOMEN AZEEM; JEFFREY M. HIRSCH; JONATHAN WOODCOCK; ALFRED MANSOUR; KENT SABATOSE; TRE'VON YOUMAN; CRAIG LICHTBLAU; TIFFANY RUSZENAS; AND DAVID BRANDES** for their testimony and deposition services when they had already paid for the same services, as agreed, through the Defendants **NUEROREHAB SERVICES LLC; SANAR MANAGEMENT LLC; SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB**

SERVICES; WILLIAM ADRIAN YOUNG; AND LOIS A. PALIUCA.

**5.24**  All Defendants had knowledge of this benefit.

**5.25**  All Defendants accepted or retained the benefits paid to them by Plaintiffs.

**5.26**  The circumstances are such that it would be inequitable for the Defendants to retain the benefit without paying fair market value for it.

## VI.    DAMAGES

**6.1**    Plaintiffs have suffered loss of economic and noneconomic damages associated with their injuries. Plaintiffs have suffered damages as set forth below.

**6.7**    By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now files suit.

## VII.   CONDITION PRECEDENT

**7.1**    Pursuant to the TEXAS RULES OF CIVIL PROCEDURE, R. 54, Plaintiffs states that all conditions precedent to suit have been performed or have occurred, and that every notice required by law to be given has been properly and timely provided.

## VIII. REQUEST FOR JURY TRIAL

**8.1**    Plaintiffs demand that this case be decided by a jury as allowed by TEX. R. CIV. P. 215. Plaintiffs acknowledge payment of the required jury fee.

**IX.    INTEREST**

**9.1**    Plaintiffs further request both pre judgment and post judgment interest on all their damages as allowed by law.

**X.    PRESERVATION OF EVIDENCE/SPOLIATION NOTICE**

**10.1**    Plaintiffs hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including contracts, lists of donors, emails, minutes of meetings, memoranda, correspondence, financial records, diagrams, maps, photographs, videotapes, audiotapes, recordings, invoices, checks, files, facsimiles, voicemails, text messages, calendar entries, log books, or information related to the reference claim. Failure to maintain such items shall constitute a "spoliation" of the evidence.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein and that upon final hearing of the cause, judgment be entered for the Plaintiffs against the Defendants, for actual damages in an amount in excess of the minimum

jurisdictional limits of the court, exemplary damages, interest, attorney fees and taxable costs of court.

RESPECTFULLY SUBMITTED,

**/S/ MIGUEL CARRILLO**
Miguel Carrillo
702 East Magnolia
Freer, TX 78357
(361) 396-2382
carrillomiguel1989@gmail.com

**/S/ JOE CABRERA**
JOE CABRERA
1027 E. Wendt
Freer, TX 78357
(361) 460-5280
erikcabrera1408@gmail.com

**/S/ KEVIN MIRELEZ**
KEVIN MIRELEZ
301 Longview
Freer, TX 78357
(361) 396-3761
mirelezkevin12@gmail.com