## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MIGUEL CARRILLO, JOE ERIC
CABRERA, AND *KEVIN MIRELEZ*

    *PLAINTIFFS*

VS.

                              CASE NO. 8:24-CV-513-SDM-AEP

NUEROREHAB SERVICES LLC,
et. al.,

    *DEFENDANTS*

---

### PLAINTIFF'S FIRST AMENDED COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes MIGUEL CARRILLO, JOE CABRERA, AND KEVIN MIRELEZ, hereinafter referred to by name or as Plaintiffs, and complains of NUEROREHAB SERVICES LLC; SANAR MANAGEMENT, LLC; SANAR MANAGEMENT, LLC, D/B/A NUEROREHAB SERVICES; WILLIAM ADRIAN YOUNG; LOIS A. PALIUCA; CARRIE CONNELLY, DEBRA KULCHYCKI, RICHARD FONTAINE, SYED A. ASAD, NOMEN AZEEM, JEFFREY M. HIRSCH, JONATHAN WOODCOCK, ALFRED MANSOUR, KENT SABATOSE, TRE'VON YOUMAN, CRAIG LECHTBLAU, TIFFANY RUSZENAS AND DAVID BRANDES hereinafter referred

1

to by name or as Defendants, and for cause of action would respectfully show unto the Court the following:

## I.    PARTIES

1.1    Plaintiff **JOE ERIC CABRERA** is an individual residing in FREER, TEXAS.

1.2    Plaintiff **MIGUEL CARRILLO** is an individual residing in FREER, TEXAS.

1.3    Plaintiff **KEVIN MIRELEZ** is an individual residing in FREER, TEXAS.

1.4    Defendant **NEUROREHAB SERVICES LLC** (hereinafter referred to as Defendant **NSLLC**) is a Florida entity doing business in the State of Texas and may be served at: **8466 NORTH LOCKWOOD RIDGE, SUITE 340, SARASOTA, FLORIDA 34243 OR WHEREVER FOUND.**

1.5    Defendant **SANAR MANAGEMENT, LLC** (hereinafter referred to as Defendant **SMLLC**) is a Florida entity doing business in the State of Texas and may be served at: **8466 NORTH LOCKWOOD RIDGE, SUITE 340, SARASOTA, FLORIDA 34243 OR WHEREVER FOUND.**

1.6    Defendant **SANAR MANAGEMENT, LLC** D/B/A as **NEURO REHAB SERVICES** (hereinafter referred to as Defendant **NRS** is a Florida entity doing business in the State of Texas and may be served at: **8466 NORTH LOCKWOOD RIDGE, SUITE 340, SARASOTA, FLORIDA 34243 OR WHEREVER FOUND.**

1.7    Defendant **WILLIAM ADRIAN YOUNG** (hereinafter referred to as Defendant **YOUNG**) is an individual and resident of the State of Kentucky, and

may be served at: **113 FAULKNER BR, CLAY CITY, KENTUCKY 40312 OR WHEREVER FOUND.**

1.8    Defendant **LOIS A. PALIUCA** (hereinafter referred to as Defendant **PALIUCA**) is an individual and was a resident of the State of Florida at the time this cause of action accrued, who has been served with process and is before the court through counsel.

1.9    Defendant **CARRIE CONNELLY** (hereinafter referred to as Defendant **CONNELLY**) is an individual and was a resident of the State of Florida at the time this cause of action accrued, who has been served with process and is before the court *pro se*.

1.10   Defendant **DEBRA KULCHYCKI** (hereinafter referred to as Defendant **KULCHYCKI**) is an individual and resident of Osceola, Florida, who has been served with process and is before the court but has not filed an appearance.

1.11   Defendant **RICHARD FONTAINE** (hereinafter referred to as Defendant **FORTAINE**) is an individual and resident of Marian County, Florida, who has been served with process and is before the court through counsel.

1.12   Defendant **SYED A. ASAD** (hereinafter referred to as Defendant **ASAD**) is an individual and resident of Duval County, Florida, who has been served with process and is before the court through counsel.

1.13   Defendant **NOMEN AZEEM** (hereinafter referred to as Defendant **AZEEM**) is an individual and resident of Hillsborough County, Florida, who has been served with process and is before the court through counsel.

1.14   Defendant **JEFFREY M. HIRSCH** (hereinafter referred to as Defendant **HIRSCH**) is an individual and resident of Palm Beach County, Florida, who has been served with process and is before the court through counsel.

**1.15   Defendant JONATHAN WOODCOCK (hereinafter referred to as Defendant WOODCOCK) is an individual and resident of Palm Beach County, Florida, and may be served at: 2620 SW 22ND AVENUE, 1017, DELRAY BEACH, FLORIDA 33445 OR WHEREVER FOUND.**

1.16   Defendant **ALFRED MANSOUR** (hereinafter referred to as Defendant **MANSOUR**) is an individual and resident of Washtenaw County, Michigan, who has been served with process and is before the court through counsel.

1.17   Defendant **KENT SABATOSE** (hereinafter referred to as Defendant **SABATOSE**) is an individual and resident of Marion County, Florida who has been served with process and is before the court through counsel.

1.18   Defendant **TRE'VON YOUMAN** (hereinafter referred to as Defendant **YOUMAN**) is an individual and resident of Hillsborough, Florida, who has been served with process and is before the court through counsel.

1.19  Defendant **CRAIG LICHTBLAU** (hereinafter referred to as Defendant **LICHTBLAU**) is an individual and resident of Palm Beach County, Florida, who has been served with process and is before the court through counsel.

1.20  Defendant **TIFFANY RUSZENAS** (hereinafter referred to as Defendant **RUSZENAS**) is an individual and resident of Palm Beach County, Florida, who has been served with process and before the court but has not filed an appearance.

1.21  Defendant **DAVID BRANDES** (hereinafter referred to as Defendant **BRANDES**) is an individual and resident of Know County, Tennessee, who has been served with process and is before the court *pro se*.

## II.   <u>SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION AND VENUE</u>

**2.1**   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.   Specifically, there is diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

**2.2**   Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) and 1391(d) because a substantial part of the events giving rise to this claim occurred in this district

### III.   PLAINTIFF'S NARRATIVE

**3.1**    On or about May 15, 2020, Plaintiffs **MIGUEL CARRILLO, JOE CABRERA, & KEVIN MIRELEZ**, through their attorney, **DeSouza Law, PC dba DeSouza Injury Lawyers**, filed a personal injury lawsuit in the district court of Dallas County, Texas for serious injuries that Plaintiffs **MIGUEL CARRILLO, JOE CABRERA, & KEVIN MIRELEZ** received in a motor vehicle wreck and collision. The injuries sustained by Plaintiffs were so extreme that Plaintiffs required significant treatment and rehabilitation.

**3.2**    As a direct result of the injuries sustained by and treatment needed for Plaintiff's **MIGUEL CARRILLO, JOE CABRERA, & KEVIN MIRELEZ**, or about March 3, 2020, **DeSouza Law, PC** retained the services of Defendant **NEUROREHAB SERVICES LLC** for the benefit of third-party beneficiaries, the Plaintiffs **MIGUEL CARRILLO, JOE CABRERA, & KEVIN MIRELEZ** in this case.   The services contracted for were for the inpatient medical and rehabilitation treatment of the named Plaintiffs, including providing expert testimony when and if litigation was pursued based on the necessity and reasonableness of the treatment provided by Defendants for Plaintiffs.   The Defendants in this case are three entities that oversaw and controlled the treatment provided by and for Plaintiffs: (**NUEROREHAB SERVICES LLC; SANAR MANAGEMENT LLC; & SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES**) and    fifteen individuals who directly provided the

contracted for treatment to Plaintiff's (**WILLIAM ADRIAN YOUNG; LOIS A. PALIUCA; CARRIE CONNELLY; DEBRA KULCHYCKI; RICHARD FONTAINE; SYED A. ASAD; NOMEN AZEEM; JEFFREY M. HIRSCH; JONATHAN WOODCOCK; ALFRED MANSOUR; KENT SABATOSE; TRE'VON YOUMAN; CRAIG LICHTBLAU; TIFFANY RUSZENAS; AND DAVID BRANDES**). All Defendants, through a series of contractual obligations by and between the parties, collectively agreed under a binding contract with Plaintiffs to accept a flat fee 90 days of inpatient treatment and rehabilitation services and for Defendants to assist with any pending litigation.

**3.3**    The written agreement between Plaintiffs and Defendants called for Defendant **NEURO REHAB SERVICES** (**Neurorehab Services LLC**) to evaluate and treat each Plaintiff in their inpatient facility in West Palm Beach for a period of ninety days and to provide outpatient follow up care for ninety days after their discharge. The flat fee agreed to by Defendant **NEUROREHAB SERVICES LLC** was agreed to be as follows: each client would pay, through their attorneys, to Defendant **NEUROREHAB SERVICES LLC**, a flat fee of three hundred thousand dollars ($300,000.00) for all inpatient and outpatient evaluations and treatment. Defendant **NEUROREHAB SERVICES LLC** further agreed, per the contract by and between the parties, that the paid fee of $300,000.00 would include all fees for both depositions and court appearances as necessary for the duration of the

legal third-party injury case. Defendant **NEUROREHAB SERVICES LLC** further ensured swift compliance with requests for depositions and court requests. In addition, Defendant **NEUROREHAB SERVICES LLC** agreed that in the event any expert fails to sign an agreement permitting their deposition or live trial testimony within the first 30 days of evaluation and treatment, then all funds would be immediately refunded to the DeSouza Law Firm.

3.4    The contract at issue was negotiated by Defendants **WILLIAM ADRIAN YOUNG & LOIS A. PALIUCA** while being entered into and executed by Defendant **WILLIAM ADRIAN YOUNG** on behalf of Defendant **Neurorehab Services LLC** (also identified as Neuro Rehab Services) and Defendant **SANAR MANAGEMENT LLC; AND SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES (hereinafter sometimes referred to as "Sanar").**

3.5    On information and belief, Defendant **NEUROREHAB SERVICES, LLC** never existed as an entity authorized to do business in the State of Florida at the time the agreement was signed by Defendant **WILLAIM ADRIAN YOUNG**. On information and belief, Defendant **NEUROREHAB SERVICES, LLC** is a Delaware Corporation. In the agreement, Defendant **NEUROREHAB SERVICES LLC** represented that they were a division of **SANAR MANAGEMENT, LLC** a Defendant in this lawsuit.

**3.6**    On information and belief, Defendant **SANAR MANAGEMENT LLC** is

Delaware corporation, doing business in the state of Florida.

**3.7**    In compliance with a condition of the contract, a total of Nine hundred

Thousand   Dollars   ($900,000.00)   was   wired   to   Defendant   **SANAR**

**MANAGEMENT, LLC** by Plaintiff's attorneys, DeSouza Injury Lawyers, for

the benefit of Plaintiffs.

**3.8**    At the direction of Defendant, **SANAR MANAGEMENT, LLC**, the first

wire(s) in in the amount of Three Hundred Thousand Dollars ($300,00.00) were

sent by Plaintiff's attorneys to Defendant **SANAR MANAGEMENT, LLC** on

or about March 4, 2020. At all times, Plaintiffs were the intended third-party

beneficiaries   of   the   contract   between   DeSouza   Law   P.C.,   including   the

promises, and obligations of Defendant **NEUROREHAB SERVICES LLC**

(also    identified    as    Neuro    Rehab    Services)    and    Defendant    **SANAR**

**MANAGEMENT LLC; AND SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB**

**SERVICES**, the promisors.  See below.

| 03/04/20 | WIRE TYPE:WIRE OUT DATE:200304 TIME:1631 ET TRN:2020030400564227 SERVICE REF:015239 BNF:SANAR MANAGEMENT, LLC ID:1000193125357 BNF BK: SUNTRUST BANK ID:061000104 PMT DET:TS2020030404191 0MEMO F/B/O CARRILLO, CABRERA, MIRELEZ | -300,000.00 |

**3.9**    At the direction of Defendant, **SANAR MANAGEMENT, LLC**, the

second wire(s) in the amount of Three Hundred Thousand Dollars

($300,00.00) were sent by Plaintiff's attorneys to Defendant **SANAR**

**MANAGEMENT, LLC** on or about April 2, 2020. At all times Plaintiffs were

the intended third-party beneficiaries of this contract between DeSouza Law

P.C., including the promises, and obligations of Defendant **NEUROREHAB**

**SERVICES LLC** (also identified as Neuro Rehab Services) and Defendant

**SANAR MANAGEMENT LLC; AND SANAR MANAGEMENT, LLC, D/B/A NUERO**

**REHAB SERVICES**, the promisors.  See below.

| 04/02/20 | WIRE TYPE:WIRE OUT DATE:200402 TIME:1623 ET TRN:2020040200555243 SERVICE REF:013738 BNF:SANAR MANAGEMENT, LLC ID:1000193125357 BNF BK:SUNTRUST BANK ID:061000104 PMT DET:TS2020040203565 5F/B/O CARRILLO, CABRERA, MIRELEZ | -300,000.00 |

**3.10**    At the direction of Defendant, **SANAR MANAGEMENT, LLC**, the third

wire(s) in in the amount of Three Hundred Thousand Dollars ($300,00.00) was

sent by Plaintiff's attorneys on or about May 7, 2020. At all times Plaintiffs

were the intended third-party beneficiaries of this contract between DeSouza

Law   P.C.,   including   the   promises,   and   obligations   of   Defendant

**NEUROREHAB SERVICES LLC** (also identified as Neuro Rehab Services)

and Defendant **SANAR MANAGEMENT LLC; AND SANAR MANAGEMENT, LLC,**

**D/B/A NUERO REHAB SERVICES**, the promisors.  See below.

| 05/07/20 | WIRE TYPE:WIRE OUT DATE:200507 TIME:1640 ET TRN:2020050700553175 SERVICE REF:013425 BNF:SANAR MANAGEMENT, LLC ID:1000193125357 BNF BK:SUNTRUST BANK ID:061000104 PMT DET:TS2020050704321 0MEMO: F/B/O CARRILLO, CABRERA, MIRELEZ | -300,000.00 |

**3.11**    Each individually named defendant agreed, through their relationship

with   **ADRIAN YOUNG,NEUROREHAB SERVICES LLC** (also identified

as Neuro Rehab Services) and Defendant **SANAR MANAGEMENT LLC; AND**

**SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES**, that included

in the payment for the evaluation and treatment of Joe Eric Cabrera, Miguel
Carillo, Jr. and Kevin Mirelez would include fees for deposition testimony, to
occur at the location of their choosing and for live trial testimony fees, to occur
in Texas, including all expenses will be covered under their agreement with
**ADRIAN YOUNG**, **NEUROREHAB SERVICES LLC** (also identified as
Neuro Rehab Services) and Defendant **SANAR MANAGEMENT LLC; AND
SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES** ." However, at
a critical stage in litigation, Defendants refused to comply with their
contractual obligations. Rather than providing the agreed upon litigation
support, including expert services, as part of the existing contracts, the
defendants demanded additional fees. Under those circumstances, Plaintiffs
were effectively left without a choice other than paying twice for the same
service. As a direct result, each named Defendant fraudulently entered into
the agreements to obtain the flat fee advance payments while knowing and
intending to breach their agreements at critical stages of the underlying
litigation due to the knowing and intentional duress that each Defendant
placed Plaintiffs under.

**3.12**  On or about March 3, 2020, Defendant **JONATHAN H. WOODCOCK**,
based on belied and information, entered into the above noted agreement and
subsequently breached the agreement by demanding and requiring the
Plaintiffs, through their attorney DeSouza Law PC, to pay all individual

Defendants, claiming that Defendants **ADRIAN YOUNG** and **NEUROREHAB SERVICES LLC** had breached its agreement with any and all individual Defendants, failing to pay them for agreed upon services. At all times Plaintiffs were the intended third-party beneficiaries of this contract between DeSouza Law P.C., the promisee, and Defendant **JONATHAN H. WOODCOCK**, the promisor.

**3.13** On or about March 18, 2020, Defendant **JEFFREY M. HIRSCH**, entered into the above noted agreement and subsequently breached the agreement by demanding and requiring the Plaintiffs, through their attorney DeSouza Law PC, to pay all individual Defendants, claiming that Defendants **ADRIAN YOUNG** and **NEUROREHAB SERVICES LLC** had breached its agreement with any and all individual Defendants, failing to pay them for agreed upon services. At all times Plaintiffs were the intended third-party beneficiaries of this contract between DeSouza Law P.C., the promisee, and Defendant **JEFFREY M. HIRSCH**, the promisor.

**3.14** On or about March 18, 2020, Defendant **CRAIG H. LICHTBLAU** entered into the above noted agreement and subsequently breached the agreement by demanding and requiring the Plaintiffs, through their attorney DeSouza Law P.C., to pay all individual Defendants, claiming that Defendants **ADRIAN YOUNG** and **NEUROREHAB SERVICES LLC** had breached its agreement with any and all individual Defendants, failing to pay them for

agreed upon services. At all times Plaintiffs were the intended third-party beneficiaries of this contract between DeSouza Law P.C., the promisee, and Defendant **CRAIG H. LICHTBLAU**, the promisor.

**3.15**   On or about April 14, 2020, Defendant **KENT SABATOSE**, entered into the above noted agreement and subsequently breached the agreement by demanding and requiring the Plaintiffs, through their attorney DeSouza Law P.C., to pay all individual Defendants, claiming that Defendants **ADRIAN YOUNG** and **NEUROREHAB SERVICES LLC** had breached its agreement with any and all individual Defendants, failing to pay them for agreed upon services. At all times Plaintiffs were the intended third-party beneficiaries of this contract between DeSouza Law P.C., the promisee, and Defendant **KENT SABATOSE**, the promisor.

**3.16**   On or about April 14, 2020, Defendant **CARRIE CONNELLY**, entered into the above noted agreement and subsequently breached the agreement by demanding and requiring the Plaintiffs, through their attorney DeSouza Law P.C., to pay all individual Defendants, claiming that Defendants **ADRIAN YOUNG** and **NEUROREHAB SERVICES LLC** had breached its agreement with any and all individual Defendants, failing to pay them for agreed upon services. At all times Plaintiffs were the intended third-party beneficiaries of this contract between DeSouza Law P.C., the promisee, and Defendant **CARRIE CONNELLY**, the promisor.

13

**3.17**   On or about May 1, 2020, Defendant **ALFRED MANSOUR** entered into the above noted agreement and subsequently breached the agreement by demanding and requiring the Plaintiffs, through their attorney DeSouza Law P.C., to pay all individual Defendants, claiming that Defendants **ADRIAN YOUNG** and **NEUROREHAB SERVICES LLC** had breached its agreement with any and all individual Defendants, failing to pay them for agreed upon services. At all times Plaintiffs were the intended third-party beneficiaries of this contract between DeSouza Law P.C., the promisee, and Defendant **ALFRED MANSOUR**, the promisor.

**3.18**   On or about May 1, 2020, Defendant **NOMEN AZEEM** entered into the above noted agreement and subsequently breached the agreement by demanding and requiring the Plaintiffs, through their attorney DeSouza Law P.C., to pay all individual Defendants, claiming that Defendants **ADRIAN YOUNG** and **NEUROREHAB SERVICES LLC** had breached its agreement with any and all individual Defendants, failing to pay them for agreed upon services. At all times Plaintiffs were the intended third-party beneficiaries of this contract between DeSouza Law P.C., the promisee, and Defendant **NOMEN AZEEM**, the promisor.

**3.19**   On information and belief Defendants **DEBRA KULCHYCKI, SYED A. ASAD, TRE'VON YOUMAN, TIFFANY RUSZENAS**, and **DAVID**

14

**BRANDEIS** had agreements with Defendants **ADRIAN YOUNG** and **NEUROREHAB SERVICES LLC** and that they agreed they would provide the services to Plaintiffs for which they were retained and that they would further look to Defendants **ADRIAN YOUNG** and **NEUROREHAB SERVICES** for their payment. Defendants **DEBRA KULCHYCKI, SYED A. ASAD, TRE'VON YOUMAN, TIFFANY RUSZENAS**, and **DAVID BRANDEIS** breached this agreement by demanding and requiring the Plaintiffs, through their attorney DeSouza Law P.C., to directly pay Defendants **DEBRA KULCHYCKI, SYED A. ASAD, TRE'VON YOUMAN, TIFFANY RUSZENAS**, and **DAVID BRANDEIS**, claiming that Defendants **ADRIAN YOUNG** and **NEUROREHAB SERVICES LLC** had breached its agreement and failed to pay Defendants **DEBRA KULCHYCKI, SYED A. ASAD, TRE'VON YOUMAN, TIFFANY RUSZENAS**, and **DAVID BRANDEIS**. At all times Plaintiffs were the intended third-party beneficiaries of these contracts between DeSouza Law P.C., the promisee, and Defendants named herein, the promisors.

**3.20** Based on belief and information, all Defendants (except for **ADRIAN YOUNG, NEUROREHAB SERVICES, LLC, SANAR MANAGEMENT, LLC, SANAR MANAGEMENT, LLC D/B/A NEUROREHAB SERVICES** and **LOIS PALIUCA**), during all relevant time periods, had an on-going contractual relationship and/or agreement with **ADRIAN YOUNG,**

**NEUROREHAB SERVICES, LLC, SANAR MANAGEMENT, LLC,** and **SANAR MANAGEMENT, LLC D/B/A NEUROREHAB SERVICES** for providing medical services to patients under the same or similar protocols followed in the subject case as set forth in paragraphs 3.2 – 3.19 above. As such, the individual Defendants knew, or should have known, of the misleading, deceptive and/or fraudulent practices of **ADRIAN YOUNG, NEUROREHAB SERVICES, LLC, SANAR MANAGEMENT, LLC, SANAR MANAGEMENT, LLC D/B/A NEUROREHAB SERVICES** and **LOIS PALIUCA** in contracting with patients, such as the Plaintiffs herein, with no intention or expectation of fully or substantially under the contracts or agreements.

**3.21**  Based on belief and information, the contract agreement executed below by **ADRIAN YOUNG** on March 3, 2020 as Clinical Director of **NEUROREHAB SERVICES**, includes language that **NEUROREHAB SERVICES** and the participating individual Defendants would perform and provide various medical services and deposition or live trial testimony or the Plaintiffs initial payments described above would be returned to the DeSouza Law Firm.



To: Attorney Jason DeSouza

RE: Your clients; Joe Eric Cabrera, Kevin Mirelez and Miguel Carrillo, Jr

This serves as our agreement for Neuro Rehab Services to evaluate and treat each client in our inpatient facility in West Palm Beach for a period of ninety days and to provide outpatient follow up care for ninety days after their discharge. Each client will pay a flat fee of three hundred thousand for all inpatient and outpatient evaluations and treatment. These fees will also include all fees for depositions and court appearances as necessary for the duration of the legal case and will ensure swift compliance for requests for depositions and court requests as they occur.

We further agree that in the event any expert fails to sign an agreement permitting their deposition or live trial testimony within the first 30 days of evaluation and treatment, then all funds are to be immediately refunded to the DeSouza Law Firm.

Sincerely,

*Adrian Young*                    3/3/2020
14E57C7599464CE

Adrian Young
CEO, CNO, Clinical Director
NeuroRehab Services
ayoung@neurorehabcares.com
941-586-4018

## IV.   CAUSES OF ACTION AGAINST DEFENDANTS, BREACH OF CONTRACT, VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT, OR IN THE ALTERNATIVE THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT;  FRAUD; FRAUDULENT INDUCEMENT; AND CIVIL CONSPIRACY

### A. BREACH OF CONTRACT

**4.1**   Plaintiff incorporates here paragraphs 3.2 – 3.21 above as if set forth here at length.

4.2    Defendants **NUEROREHAB SERVICES LLC; SANAR MANAGEMENT LLC; SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES; WILLIAM ADRIAN YOUNG; AND LOIS A. PALIUCA** as the promisor, breached their agreement with Plaintiffs, when they failed to pay their retained experts, named as additional Defendants in this lawsuit. As a consequence of said breaches, the Plaintiffs suffered damages when they were required by Defendants **CARRIE CONNELLY; DEBRA KULCHYCKI; RICHARD FONTAINE; SYED A. ASAD; NOMEN AZEEM; JEFFREY M. HIRSCH; JONATHAN WOODCOCK; ALFRED MANSOUR; KENT SABATOSE; TRE'VON YOUMAN; CRAIG LICHTBLAU; TIFFANY RUSZENAS; AND DAVID BRANDES** to pay twice for testimony and depositions of the Defendants named herein.

4.3    Defendants **CARRIE CONNELLY; NOMEN AZEEM; JEFFREY M. HIRSCH; JONATHAN WOODCOCK; ALFRED MANSOUR; KENT SABATOSE; AND CRAIG LICHTBLAU** breached their agreement to provide services to the Plaintiffs and to bill Defendants **NUEROREHAB SERVICES LLC; SANAR MANAGEMENT LLC; SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES; WILLIAM ADRIAN YOUNG; AND LOIS A. PALIUCA** for those expenses specifically related to their expert opinions and testimony. This breach caused Plaintiffs damages, where Plaintiffs were required to enter into a subsequent agreement with individual Defendants. In entering into a subsequent agreement, there was no intent to modify on behalf of Plaintiffs, no new consideration was bargained or

exchanged for, and each individual Defendant was still agreeing to testify as an expert witness, now, just for more money. As a direct result, Plaintiffs were forced to pay twice for the testimony and deposition services of Defendants

**4.4.**    With respect to Defendant Craig Lichtblau, see below transfer of funds from the DeSouza law firm to Craig Lichtblau on 30 August 2022.

**SECURITY SERVICE**
*FEDERAL CREDIT UNION*
PO BOX 691510 - San Antonio, Texas - 78269-1510

CallPlus Automated Phone Banking:
210-357-9000 or 1-800-52-SSFCU (77328)
ssfcu.org

STATEMENT PERIOD
08/23/22 to 09/22/22

Page   3 or   7

MICHELLE L ROBERSON



| 08/30 | 750.00 | DEBIT CARD DB | CRAIG H LICHTBL |
| 08/30 | 750.00 | DEBIT CARD DB | CRAIG H LICHTBL |
| 08/30 | 750.00 | DEBIT CARD DB | CRAIG H LICHTBL |

4.5    With respect to Defendant David Brandes, see below invoice payment from the DeSouza law firm to David Brandes.



4.6     With respect to Defendant Tre'Von Youman, see below transfer of funds from the DeSouza law firm to Tre'Von Youman on 30 August 2022.

Tre'Von Youman
1827 Princeton Oaks Cir
Apt 1305
Brandon, Fl 33511

# INVOICE

De Souza Lawyers

| | |
|---|---|
| **Invoice #** | 0000635 |
| **Invoice Date** | 08/12/2022 |
| **Due Date** | 08/12/2022 |

| Item | Description | Unit Price | Quantity | Amount |
|------|-------------|------------|----------|--------|
| Service | Deposition for Joe Cabrera, Kevin Mireles and Miguel Carrillo | 1500.00 | 1.00 | 1,500.00 |

| | | |
|---|---|---|
| 08/30 | Zelle Payment To DR Tre'Von Youman Jpm999Fmqnol | 1,500.00 |

4.7  Based on belief and information, to be determined during discovery, other defendants required and/or requested plaintiffs - directly or through Adrain Young and/or Lois Paliuco - to twice pay for services covered under the original agreement with **ADRIAN YOUNG** and **NEUROREHAB SERVICES.**

4.8  Defendants **CARRIE CONNELLY; NOMEN AZEEM; JEFFREY M. HIRSCH; JONATHAN WOODCOCK; ALFRED MANSOUR; KENT SABATOSE; AND CRAIG LICHTBLAU** further breached their agreement with Plaintiffs in failing to provide Plaintiffs with the contracted for inpatient services for a period of 90 days. Rather than receive hands on inpatient services, which was a primary consideration in Plaintiffs choosing Defendants as their care providers of

choice, Patients received less than 30 days of outpatient care, resulting in a sub-standard degree of care, a delayed time of recovery, additional pain and suffering on behalf of Plaintiffs, and an overall breach of contract by all individually named Defendants as it pertains to the treatment that was agreed upon and promised to Plaintiffs.

**4.9**   On information and belief, **DEBRA KULCHYCKI; RICHARD FONTAINE; SYED A. ASAD; JEFFREY M. HIRSCH; JONATHAN WOODCOCK; TRE'VON YOUMAN; TIFFANY RUSZENAS; AND DAVID BRANDEIS** breached their agreement with Plaintiffs to bill Defendants **NUEROREHAB SERVICES LLC; SANAR MANAGEMENT LLC; SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES; WILLIAM ADRIAN YOUNG** for their expert opinions and testimony concerning Plaintiffs' injuries. This breach caused the Plaintiffs damages, when Plaintiffs were requested and/or required to pay twice for the testimony and deposition services of Defendants **CARRIE CONNELLY; DEBRA KULCHYCKI; RICHARD FONTAINE; SYED A. ASAD; NOMEN AZEEM; JEFFREY M. HIRSCH; JONATHAN WOODCOCK; ALFRED MANSOUR; KENT SABATOSE; TRE'VON YOUMAN; CRAIG LICHTBLAU; TIFFANY RUSZENAS; AND DAVID BRANDES.**

**4.10**   In all cases, such failures to perform were the direct and proximate cause of the harm and damage to the Plaintiffs as set forth above and below.

**4.11**   As a direct and proximate result of Defendants' breach of contract, the

Plaintiffs have required the assistance of counsel to enforce the provisions of the contract.

4.12   As a result of the Defendants' conduct as described above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court.

**B. Violations of the Texas Deceptive Trade Practices Act**

**4.13.** Plaintiff incorporates here paragraphs 3.2 – 3.21 above as if set forth here at length.

**4.14**   Defendants are liable because their actions constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"). **Nuerorehab Services LLC; Sanar Management LLC; Sanar Management, LLC, D/B/A Nuero Rehab Services; William Adrian Young; Lois A. Paliuca; Carrie Connelly; Debra Kulchycki; Richard Fontaine; Syed A. Asad; Nomen Azeem; Jeffrey M. Hirsch; Jonathan Woodcock; Alfred Mansour; Kent Sabatose; Tre'Von Youman; Craig Lichtblau; Tiffany Ruszenas; and David Brandes** each entered into agreements with the Plaintiffs to provide certain services, including healthcare treatment, 90 days of inpatient care and expert services pertaining to litigation, under a flat fee arrangement. However, these named Defendants, knowingly and intentionally, entered into these agreements while fraudulently planning and intending to breach them and require additional payments. All named

Defendants unlawfully used unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of their trade or commerce. Defendants entered into commercial agreements for the intended benefit of the third-party beneficiaries, the Plaintiffs, to provide services they did not intend to provide in the manner in which they agreed, forcing Plaintiffs to pay twice for the same services. Defendants took advantage of the intended third-party beneficiaries by demanding they pay twice for services already paid for the benefit of Plaintiffs, knowing the Plaintiffs would not refuse further payment in order to maintain the integrity of their lawsuit for personal injuries suffered.

**4.15**  Specifically, these named Defendants violated the DTPA in one or more of the following aspects:

    a.  Representing that the goods or services have characteristics or benefits that they do not have in violation of TEX. BUS. & COMM. CODE § 17.56(b)(5);

    b.  Representing that the goods or services are of a particular standard, quality or grade, or that the goods are of a particular style or model, that they are not in violation of TEX. BUS. & COMM. CODE § 17.46(b)(7);

    c.  Representing that an agreement confers rights or involves rights, remedies or obligations that does not, or that are prohibited by law in violation of TEX. BUS. & COMM. CODE § 17.46(b)(12);

     d.  Failing to disclose information about the goods or services that was known at the time of the transaction when the failure to disclose was intended to induce Plaintiff to enter into a transaction that Plaintiff would not have entered into if the information had been disclosed in violation of TEX. BUS. & COMM. CODE § 17.46(b)(23);

     e.  Acting in an unconscionable manner in that Defendant's denial of Plaintiff's claim took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree in violation of TEX. BUS. & COMM. CODE § 17.50(a)(3).

**4.16**  Plaintiffs, **MIGUEL CARRILLO, JOE CABRERA, KEVIN MIRELEZ** would show that they were the intended beneficiaries of the goods and services of Defendants at all times.

**4.17**  Defendants' breaches and violations of the Texas DTPA proximately caused Plaintiffs **MIGUEL CARRILLO'S, JOE CABRERA'S, KEVIN MIRELEZ'S** damages.

     **C.**    **THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

**4.18**  In the alternative, Plaintiffs **MIGUEL CARRILLO, JOE CABRERA, KEVIN MIRELEZ** assert liability under the Florida Deceptive and Unfair Trade Practices Act.

**4.19**  Defendants are liable because their actions constitute violations of the FDUTPA. Specifically, Defendant violated the FDUTPA in one or more of the following aspects:

**4.20**  Defendants unlawfully used unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of their trade or commerce. Defendants entered into commercial agreements for the intended benefit of the third-party beneficiaries, the Plaintiffs, to provide services they did not intend to provide in the manner in which they agreed, forcing Plaintiffs to pay twice for the same services. Defendants took advantage of the intended third-party beneficiaries by demanding they pay twice for services already paid for the benefit of Plaintiffs, knowing the Plaintiffs would not refuse further payment in order to maintain the integrity of their lawsuit for personal injuries suffered. This was an unconscionable act as made unlawful by section 501.204 of the FDUTPA.

**4.21**  As a result of the Defendants' unconscionable acts, the intended third-party beneficiaries suffered both economic and noneconomic damages.

D.    FRAUD, CONCEALMENT AND CONSTRUCTIVE FRAUD

**4.22**  Defendants committed fraud by concealment and constructive fraud on Plaintiffs. The Defendants are liable for the fraudulent misrepresentations of facts and for the omissions and failures to state as such misrepresentations and omissions are imposed by statute, law and public policy because of the

26

circumstances of the immediate parties to the transactions and the tendency to deceive other, to violate confidences, or to injure the public interest.

**4.23** The actions of these Defendants constitute breaches of legal and equitable duties which the law deems to be fraudulent and/or illegal. Plaintiffs have been damaged as a result of the misrepresentation and fraudulent statements and actions of the Defendants.

**4.24** Defendants **CARRIE CONNELLY; DEBRA KULCHYCKI; RICHARD FONTAINE; SYED A. ASAD; NOMEN AZEEM; JEFFREY M. HIRSCH; JONATHAN WOODCOCK; ALFRED MANSOUR; KENT SABATOSE; TRE'VON YOUMAN; CRAIG LICHTBLAU; TIFFANY RUSZENAS; AND DAVID BRANDES** committed fraud against the Plaintiff in that they made false misrepresentations regarding their willingness to rely exclusively on Defendants **NUEROREHAB SERVICES LLC; SANAR MANAGEMENT LLC; SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES; WILLIAM ADRIAN YOUNG; AND LOIS A. PALIUCA** for compensation in reference to their opinion and testimony services in Plaintiffs' lawsuit.

**4.25** Defendants **NUEROREHAB SERVICES LLC; SANAR MANAGEMENT LLC; SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES; WILLIAM ADRIAN YOUNG; AND LOIS A. PALIUCA** committed fraud against Plaintiffs in that they made false representations regarding their willingness to pay Defendants **CARRIE CONNELLY; DEBRA KULCHYCKI; RICHARD FONTAINE;**

SYED A. ASAD; NOMEN AZEEM; JEFFREY M. HIRSCH; JONATHAN WOODCOCK;
ALFRED MANSOUR; KENT SABATOSE; TRE'VON YOUMAN; CRAIG LICHTBLAU;
TIFFANY RUSZENAS; AND DAVID BRANDEIS for their services tendered for the
benefit of Plaintiffs, their opinion and testimony services in Plaintiffs' lawsuit.

### E.    CIVIL CONSPIRACY

**4.26**  Upon information and belief, Defendants acted together pursuant to a
mutual agreement to breach these agreements and defraud Plaintiffs.
Specifically, NUEROREHAB SERVICES LLC; SANAR MANAGEMENT LLC;
SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES; WILLIAM
ADRIAN YOUNG; LOIS A. PALIUCA; CARRIE CONNELLY; DEBRA KULCHYCKI;
RICHARD FONTAINE; SYED A. ASAD; NOMEN AZEEM; JEFFREY M. HIRSCH;
JONATHAN WOODCOCK; ALFRED MANSOUR; KENT SABATOSE; TRE'VON
YOUMAN; CRAIG LICHTBLAU; TIFFANY RUSZENAS; AND DAVID BRANDES
worked together to develop and execute on a plan to obtain an advance
payment of a flat fee and then obtain additional payments for the same
services.

**4.27**  This course of action was unlawful and included covert acts taken in
pursuance of their objective, including the refusal of the individual
defendants to provide further services without additional payment, and
Plaintiffs incurred serious injury and damage as a result.

## F. UNJUST ENRICHMENT

**4.28**  In the alternative to the breach of contract claims, the Plaintiffs conferred a benefit on the Defendants when Plaintiffs were required or requested to pay Defendants **CARRIE CONNELLY; DEBRA KULCHYCKI; RICHARD FONTAINE; SYED A. ASAD; NOMEN AZEEM; JEFFREY M. HIRSCH; JONATHAN WOODCOCK; ALFRED MANSOUR; KENT SABATOSE; TRE'VON YOUMAN; CRAIG LICHTBLAU; TIFFANY RUSZENAS; AND DAVID BRANDES** for their testimony and deposition services when they had already paid for the same services, as agreed, through the Defendants **NUERORHAB SERVICES LLC; SANAR MANAGEMENT LLC; SANAR MANAGEMENT, LLC, D/B/A NUERO REHAB SERVICES; WILLIAM ADRIAN YOUNG; AND LOIS A. PALIUCA.**

**4.29**  All Defendants had knowledge of this benefit.

**4.30**  All Defendants accepted or retained the benefits paid to them by Plaintiffs.

**4.31**  The circumstances are such that it would be inequitable for the Defendants to retain the benefit without paying fair market value for it.

## G. ATTORNEY'S FEES

**4.32**  Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim.

**4.33**  Therefore, Plaintiffs are entitled to recover from Defendants a reasonable sum for the necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals. Additionally, Plaintiff is entitled to reasonable and necessary attorney fees pursuant to TEX. BUS. & COMM. CODE § 17.50 and Tex. Civ. P. & Rem. Code §38.001 or alternatively under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") §521.2105, and F.S. §627.428.

## VI.    DAMAGES

**5.1**  Plaintiffs have suffered loss of economic and noneconomic damages associated with all Defendants actions as set forth herein.  injuries. Plaintiffs have suffered damages as set forth below.

**5.2**  By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now file suit.

## VII.  CONDITION PRECEDENT

**6.1**  Plaintiffs state that all conditions precedent to suit have been performed or have occurred, and that every notice required by law to be given has been properly and timely provided.

## VIII.  REQUEST FOR JURY TRIAL

**7.1**  Plaintiffs demand that this case be decided by a jury.

## IX.    INTEREST

**8.1**    Plaintiffs further request both prejudgment and post judgment interest on all their damages as allowed by law.

## X.    PRESERVATION OF EVIDENCE/SPOLIATION NOTICE

**9.1**    Plaintiffs hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including contracts, lists of donors, emails, minutes of meetings, memoranda, correspondence, financial records, diagrams, maps, photographs, videotapes, audiotapes, recordings, invoices, checks, files, facsimiles, voicemails, text messages, calendar entries, log books, or information related to the reference claim. Failure to maintain such items shall constitute a "spoliation" of the evidence.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein and that upon final hearing of the cause, judgment be entered for the Plaintiffs against the Defendants, for actual damages in an amount in excess of the minimum jurisdictional limits of the court, exemplary damages, interest, attorney fees and taxable costs of court.

RESPECTFULLY SUBMITTED,

DeSOUZA INJURY LAWYERS
4047 NACO PERRIN
SAN ANTONIO, TEXAS 78217
210/ 714-4215 – PHONE
210/496-0060 – FACSIMILE

BY:*/S/ Jeffery E. Pratt*
JEFFERY E. PRATT
STATE BAR NO.: 16239980
**jpratt@jfdlawfirm.com**

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all counsels of record in accordance with Federal Rules of Civil Procedure on this the 9th day of January 2025.

BY: */S/ JEFFERY E. PRATT*